W. D. MAGUIRE v. THE STATE.

No. 6021.   Decided January 5, 1921.

**1.—Gaming—Statement of Facts—Transcript—Practice on Appeal.**

Where, the so-called statement of facts in the record appears to be a narrative of practically everything that occurred during the trial, but no testimony is set out as given by any witness either for the State or for the appellant, the same could not be considered on appeal.

**2.—Same—Requested Charge—Objections to Evidence.**

Where, the requested charge was in the nature of an objection to the evidence, the same was properly refused by the trial court.

**3.—Same—Evidence—Bill of Exceptions—Requested Charge.**

Where, the requested charge was in the nature of a bill of exceptions to the evidence, the same was properly refused by the trial court.

**4.—Same—Evidence—Bill of Exceptions—Practice in Trial Court.**

Where, appellant objected to certain testimony by the defendant because he had not been properly warned, but the bill of exceptions failed to disclose whether the defendant was under arrest or restraint, and the qualifications

of the trial judge to said bill of exceptions showed to the contrary, there was no reversible error.

### 5.—Same—Jury and Jury Law—Bill of Exceptions—Challenges.

Where, the bill of exceptions as qualified by the trial court showed that while the juror stated that he had at one time formed an impression as to the case, yet if selected as a juror he could lay same aside and try and decide the case according to the law and the evidence, there was no reversible error.

### 6.—Same—Sufficiency of the Evidence—Statement of Facts.

A complaint that the evidence is insufficient to sustain the conviction cannot be considered in the absence of a statement of facts.

Appeal from the County Court of Carson. Tried below before the Honorable J. A. Whiteside.

Appeal from a conviction of gaming; penalty, a fine of twenty dollars.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Carson county of playing at a game with cards in a place other than a private residence occupied by a family, and his punishment fixed at a fine of $20.

What is denominated in the record as a statement of facts appears to be a narrative of practically everything that occurred during the trial, but no testimony is set out as given by any witness, either for the State or the appellant. Same begins with the presentation of the information and ends with the giving of notice of appeal, but as it sets out no evidence, and is not in conformity with any rule regarding a statement of facts, we are under the necessity of holding that the case is before us without such statement.

Appellant asked a special charge, as follows: "Gentlemen of the Jury: You are instructed that when any person is charged with any offense, it is not admissible for the prosecution to introduce any evidence of statements made by the defendant while he is in the custody of an officer, unless he is properly warned that any statements made by him will be used as evidence against him, and unless you believe that the defendant was not in custody of the sheriff of Carson County at the time said sheriff testified this defendant made statements, you shall acquit the defendant unless you believe that the sheriff and the county judge of Carson County, Texas, first warned the defendant that any statements made by him would be used as evidence against him." We

are of opinion that this instruction was properly refused as it was in the nature of an objection to evidence.

Appellant also asked the following special charge: "Gentlemen of the Jury: You are instructed as to what is legal and competent evidence, as given in the court's general charge, that it means evidence of fact and not of circumstance, and unless you believe beyond a reasonable doubt that it has been proven by a preponderance of the evidence that defendant was then and there guilty as charged of unlawfully playing at a game of cards, you will find the defendant not guilty." We think this charge also was in the nature of a bill of exceptions to evidence, and that its refusal was correct.

Appellant excepted to the testimony of the sheriff and county judge as to statements made by him in the sheriff's office in which he said, "If it is a penalty to play a game of pitch in a club room we are stuck." The ground of said objection was that he had not been warned, and that such statement was prejudicial. The bill of exceptions gives us no information as to whether appellant had then been arrested or charged with any offense, or was under restraint, and the qualification of the county judge to said bill shows to the contrary. We cannot sustain an objection in the absence of a sufficient statement, in such bill, of the facts relied on to show that the matter complained of was erroneous. So also of the bill of exceptions taken to the action of the court in overruling the challenges to the juror Simms. As qualified by the court said bill shows that while the juror stated that he had at one time formed an impression as to the case, yet if selected as a juror he could lay same aside and try and decide the case according to the law and the evidence. In this condition the bill presents no error.

Complaint is also made of the sufficiency of the testimony, but we are unable to sustain such complaint because of the absence of a statement of facts.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*